No. 6217.

# THOMAS JOHNSON vs. A. PUHALOVICH, ET ALS.

## Syllabus.

The surety on a bond releasing property provisionally seized must show that the property released and which he tenders in discharge of his obligation is free from all liens and privileges.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 92,555. Honorable T. C. W. Ellis, Judge.

Dinkelspiel, Hart & Davey, for plaintiff and appellant.

George F. Bartley, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The facts of the case are as follows:

At the suit of Hayes, landlord, for rent for the month of January, the movables of the present defendant, the tenant, were provisionally seized, but before these movables were removed from the premises by the sheriff, the seizure was releasd upon bond signed by Ernst as surety. Shortly thereafter the rent for subsequent months having matured and remaining unpaid, these movables were again seized, this time, at the instance of plaintiff herein, as assignee of the landlord, Hayes, and same were removed to the sheriff's warehouse. This seizure also was released upon bond signed by Ernst as surety, but notwithstanding the release the property was allowed to remain in the sheriff's warehouse subject to storage charges. Plaintiff having secured judgment against the defendant and the execution thereof having been returned nulla bona, was about to proceed against the surety, Ernst, when the latter averted this action by an injunction based upon the allegation that he, Ernst, had in compliance with his obligation of surety, tendered to plain-

tiff the property seized and subsequently bonded. The injunction was perpetuated by the trial 'Court and plaintiff herein, defendant in injunction, has appealed.

We are of the opinion that the Court erred and that the injunction should have been dissolved.

In order to escape liability by complying with the obligation of his bond, the surety was bound to show that the property released had been tendered to the plaintiff free from all privileges and encumbrances. This he has not done, but on the contrary, it affirmatively appears that the property when tendered was still held by the sheriff and was subject to the privilege claimed by him for storage charges that had accumulated pending the proceedings. And that the property is not free from liens is shown also by the fact that prior to the alleged tender in this case, Ernst had not only tendered the identical property to Hayes in discharge of his obligation as surety in that case, but was then and now is, by proper proceeding which is still pending, seeking to have the Court declare that the effect of such tender was to discharge his obligation to Hayes. Certainly, if that tender was valid, as he still judicially asserts it to be, then the property is subject to the Hayes privilege and judgment and consequently is not free from lien as the law requires.

Accordingly the judgment is set aside and annulled and it is now decreed that there be judgment in favor of Thomas Johnson and against William F. Ernst dissolving and dismissing the injunction sued out by the latter with twenty per cent. damages on the amount of plaintiff's judgment as special damages, the appellee to pay costs of both Courts.

Judgment reversed.

Opinion and decree November 23, 1914.